IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, a Canadian corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. 15-8643 |
| vs. | ) ) ) |
| FREIGHTCAR AMERICA, INC., a Delaware corporation, | ) ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff National Steel Car Limited ("NSC") brings this action against Defendant FreightCar America, Inc. ("FCA") to stop FCA's infringement of NSC's proprietary patented railroad car, and hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, 35 U.S.C. § 1, *et seq.*, for patent infringement. NSC seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283–85.

### THE PARTIES

2. NSC is a corporation organized and existing under the laws of Canada, having its principal place of business at 600 Kenilworth Avenue North, Hamilton, Ontario, Canada, L8N 3J4. NSC is a leading manufacturer of innovative products for the railroad industry, including freight cars that are best-in-class in North America.

3. Upon information and belief, FCA is a corporation organized and existing under the laws of the State of Delaware, having its headquarters and principal place of business at Two North Riverside Plaza, Suite 1300, Chicago, Illinois, 60606.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over NSC's claims of patent infringement pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), and the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

5. This Court has personal jurisdiction over FCA because FCA has committed acts of patent infringement in this judicial district, has systematic and continuous contacts in this judicial district, regularly transacts business within this judicial district, and regularly avails itself of the benefits of this judicial district. This Court further has personal jurisdiction over FCA generally because FCA maintains a principal place of business in this District. Therefore, FCA has established minimum contacts within the forum such that the exercise of jurisdiction over FCA would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## THE PATENTS-IN-SUIT

7. Since its founding in 1912, NSC has maintained a strong commitment to engineering and manufacturing freight cars that are unmatched in quality, strength, and design. NSC has devoted significant resources to innovation, which earned NSC a reputation as North America's preeminent railroad freight car manufacturer and a market leader in the railroad industry today.

8. To protect its intellectual property, NSC applied for and obtained U.S. Patent No. 7,757,611 ("the '611 Patent"), entitled "RAILROAD FREIGHT CAR," which was duly and

2

legally issued by the United States Patent and Trademark Office on July 20, 2010. A true and correct copy of the '611 Patent is attached to this complaint as Exhibit 1. The '611 Patent is assigned to NSC, which owns all right, title, and interest in and to the '611 Patent necessary to bring this suit for infringement of the '611 Patent.

## FCA'S PATENT INFRINGEMENT

9. FCA has manufactured, used, offered for sale, and, on information and belief, sold (or is at least in preparations to sell) railroad gondola cars stenciled with AAR reporting marks PMRX 4300-4539 ("Gray Cars"). The following is a photograph of one of those railroad gondola cars, PMRX 4494:



10. Upon information and belief, FCA has manufactured, used, offered for sale and/or sold (or is at least in preparations to do so) a series of 240 railroad gondola cars that are substantially the same as that stenciled with AAR reporting mark 4494.

11. Upon information and belief, FCA continues to manufacture, use, offer for sale, and/or sell the Gray Cars and cars that are substantially the same as the Gray Cars in this judicial district or elsewhere in the United States.

12. FCA has manufactured, used, offered for sale, and, on information and belief, sold (or is at least in preparations to sell) railroad gondola cars stenciled with an AAR reporting marks MWAX 1801-1905 ("Black Cars").

13. The following is a photograph of a railroad gondola car with the Black Car design:



14. Upon information and belief, FCA has manufactured, used, offered for sale and/or sold (or is at least in preparations to do so) a series of 105 railroad gondola cars that are substantially the same as that shown in the photograph above.

15. Upon information and belief, FCA continues to manufacture, use, offer for sale, and/or sell the Black Cars and cars that are substantially the same as the Black Cars in this judicial district or elsewhere in the United States.

## COUNT I
### Infringement of U.S. Patent No. 7,757,611

16. NSC incorporates by reference the allegations in paragraphs 1 through 15, as if fully set forth herein.

17. FCA has infringed at least claims 15, 18 and 20 of the '611 Patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and on information and belief, selling infringing products including Gray Cars and Black Cars.

18. The Gray Cars are rail road gondola cars.

19. The Gray Cars have a rail road car body supported by a pair of rail road car trucks for rolling motion along rail road tracks, those trucks being spaced apart in a longitudinal direction.

20. The Gray Cars have a rail road car body including a floor and containment walls standing upwardly from the floor.

21. The Gray Cars have containment walls including first and second side walls running lengthwise along laterally spaced margins of the floor.

22. The Gray Cars have first and second sidewalls, each including a sidewall sheet extending upwardly and lengthwise of the floor.

23. The Gray Cars have first and second side walls, each having a lower margin and an upper margin.

24. The Gray Cars have a sidewall with a sidewall reinforcement.

25. The Gray Cars have a sidewall reinforcement having a base adjacent the lower margin of the sidewall, and a tip distant from the lower margin of the sidewall.

26. The Gray Cars have a sidewall reinforcement having a back and a pair of first and second legs, said back and legs defining a channel section.

27. The Gray Cars have a sidewall reinforcement with first and second legs having toes mounted against a sidewall sheet, and a back being spaced away.

28. The Gray Cars have a transversely extending cross-bearer.

29. The Gray Cars have a sidewall reinforcement being aligned with a transversely extending cross-bearer when the car is viewed in side view.

30. The Gray Cars have a cross-bearer having a web and a flange, said web having a first margin mounted under the floor and a second margin below, and distant from, said floor,

said flange of said cross-bearer running along said second margin of said web, said flange of said cross-bearer being distant from said floor.

31. The Gray Cars have a sidewall reinforcement in which the back of the sidewall reinforcement includes a portion extending below the floor.

32. The Gray Cars have a sidewall reinforcement in which first and second legs of the sidewall reinforcement include portions extending below the floor.

33. The Gray Cars have a sidewall reinforcement in which portions of the legs of the sidewall reinforcement extend below the floor, mating with a flange of a cross-bearer.

34. The Gray Cars have a sidewall with a sidewall upper margin that terminates at a top chord, said top chord running lengthwise along said sidewall, will a sidewall reinforcement extending from the floor to said top chord.

35. The Black Cars are rail road gondola cars.

36. The Black Cars have a rail road car body supported by a pair of rail road car trucks for rolling motion along rail road tracks, those trucks being spaced apart in a longitudinal direction.

37. The Black Cars have a rail road car body including a floor and containment walls standing upwardly from the floor.

38. The Black Cars have containment walls including first and second side walls running lengthwise along laterally spaced margins of the floor.

39. The Black Cars have first and second sidewalls, each including a sidewall sheet extending upwardly and lengthwise of the floor.

40. The Black Cars have first and second side walls, each having a lower margin and an upper margin.

41. The Black Cars have a sidewall with a sidewall reinforcement.

42. The Black Cars have a sidewall reinforcement having a base adjacent the lower margin of the sidewall, and a tip distant from the lower margin of the sidewall.

43. The Black Cars have a sidewall reinforcement having a back and a pair of first and second legs, said back and legs defining a channel section.

44. The Black Cars have a sidewall reinforcement with first and second legs having toes mounted against a sidewall sheet, and a back being spaced away.

45. The Black Cars have a transversely extending cross-bearer.

46. The Black Cars have a sidewall reinforcement being aligned with a transversely extending cross-bearer when the car is viewed in side view.

47. The Black Cars have a cross-bearer having a web and a flange, said web having a first margin mounted under the floor and a second margin below, and distant from, said floor, said flange of said cross-bearer running along said second margin of said web, said flange of said cross-bearer being distant from said floor.

48. The Black Cars have a sidewall reinforcement in which the back of the sidewall reinforcement includes a portion extending below the floor.

49. The Black Cars have a sidewall reinforcement in which first and second legs of the sidewall reinforcement include portions extending below the floor.

50. The Black Cars have a sidewall reinforcement in which portions of the legs of the sidewall reinforcement extend below the floor, mating with a flange of a cross-bearer.

51. The Black Cars have a sidewall with a sidewall upper margin that terminates at a top chord, said top chord running lengthwise along said sidewall, will a sidewall reinforcement extending from the floor to said top chord.

52. NSC has suffered and continues to suffer damages as a result of FCA's infringement of the '611 Patent in an amount to be determined at trial.

53. FCA's infringement of the '611 Patent has damaged and will continue to damage NSC, causing irreparable harm for which there is no adequate remedy at law, unless and until FCA is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, NSC prays for the following judgments and relief against FCA:

1. A judgment that FCA has infringed and is infringing the '611 Patent;

2. A permanent injunction against FCA and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with FCA, from infringing the '611 Patent;

3. An award of all damages adequate to compensate NSC for FCA's patent infringement, such damages to be determined by a jury, and if necessary an accounting to adequately compensate NSC for the infringement;

4. An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

5. An order finding that this is an exceptional case and awarding NSC its costs, expenses, disbursements, and reasonable attorneys' fees related to FCA's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

6. Such other further relief, in law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

NSC hereby demands a jury trial on any and all issues appropriately triable before a jury.

Dated:  September 30, 2015	Respectfully submitted,

*/s/ Craig D. Leavell*
Craig D. Leavell (IL Bar No. 6256260)
Susan L. Tanaka (IL Bar No. 6314120)
G. William Foster (IL Bar No. 6309021)
KIRKLAND & ELLIS LLP
300 North LaSalle St.
Chicago, Illinois 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
craig.leavell@kirkland.com
susan.tanaka@kirkland.com
billy.foster@kirkland.com

*Attorneys for Plaintiff*
*National Steel Car Limited*